**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VODDEN, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| WW INTERNATIONAL, INC., | |
| Defendant. | |

Plaintiff Kyle Vodden ("Plaintiff"), through her undersigned attorneys, Bursor & Fisher, P.A., bring this Class Action Complaint against Defendant, WW International, Inc. ("Weight Watchers," "WW," or "Defendant"), individually and on behalf of all others similarly situated, and complain and allege upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1.      Weight Watchers has made the unconscionable decision to keep charging its hundreds of thousands of members' membership fees while stopping 100 percent of its in-person workshops as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.      Weight Watchers offers "a scientifically proven program for weight loss and wellness, with Digital, Studio and Personal coaching solutions to help meet your goals.  For more than 55 years, WW has helped millions lose weight with the latest nutritional and behavior

change science."[1]

3.      One of the prominent features of Defendant's program was its in-person Wellness workshops.  During the workshops, members would weigh in and record their progress.  During this workshop, members would "have a conversation with [their] guide about goals [they] want to set for the week," and discuss "a topic that's relevant to weight loss, health, and wellness."[2]

4.      Defendant offers three programs: (1) The "Digital" program, which includes meal tracking, curated fitness, and mindset content;[3] (2) the "In-Person Workshop," which promises in-person wellness checks, as discussed above; and (3) the "Coaching" program, which provides a personal coach for members to create goals and action plans regarding their weight loss.[4]

5.      To sign up for Defendant's memberships, customers provide Defendant with their credit card or debit card information.  Defendant then automatically charges their customers' credit or debit cards as payments are due on a monthly basis.

6.      On March 14, 2020, Defendant announced that all of its workshops would be transitioned to virtual Workshops through April 4, 2020 due to COVID-19:

> At WW, we are proud that so many of you consider our Studios safe spaces where your journey is supported, and trust that we are taking the preventative steps to keep you, and our employees, safe. After careful consideration, **we have decided to transition our in-person Workshops to virtual Workshops until April 4.** Yes, you can **attend your Workshop from home!**

---

[1] https://www.weightwatchers.com/us/about-WW (last accessed May 6, 2020).

[2] https://www.weightwatchers.com/us/blog/weight-loss/what-expect-wellness-workshop-meeting (last accessed May 6, 2020).

[3] https://web.archive.org/web/20200222213824/https://www.weightwatchers.com/us/plans/onlineplus (last accessed May 6, 2020).

[4] https://web.archive.org/web/20200222211459/https://www.weightwatchers.com/us/plans/coaching (last accessed May 6, 2020).

7.      As of May 2020, all workshops were conducted virtually, and Defendant no longer offers in-person workshops.[5]

8.      However, unlike other companies, Defendant charged its customers for the full price of their memberships and an additional virtual workshop fee, even though their in-person workshops have been terminated and members have already paid for workshops.  Simply put, Defendant is double dipping by retaining members' usual in-person workshop fees and charging them each month for their virtual workshops.  Defendant has also refused to reimburse pre-paid customers for the time they were unable to attend in-person workshops, or for the additional virtual workshop fee.

9.      Defendant is able to unilaterally charge its customers workshop fees without their consent, as it is in possession of its customers' debit and credit card information.  Thus, Defendant has made the deliberate decision to bilk its customers on a monthly basis as the country is effectively shut down.

10.     Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that have paid or were charged fees while Defendant's in-person workshops were cancelled, for violations of New York General Business Law ("GBL") § 349, New York GBL § 350, New York GBL § 620, California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, et seq., Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and Cal. Bus. & Prof. Code §§ 1694.5, *et seq.*, as well as for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, and breach of contract.

---

[5] https://www.weightwatchers.com/us/plans/meetings (last accessed May 6, 2020).

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this controversy pursuant to 28

U.S.C § 1332(d) because there are more than 100 class members and the aggregate amount in

controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class

member is a citizen of a state different from Defendant.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c)

because the Defendant is headquartered in this District, and a substantial part of the events or

omissions that give rise to this action occurred in this District, including, but not limited to:  (i)

Defendant drafted the contracts at issue in this case in this District; and (2) Defendant received

the monies paid under the contracts at issue in this case in this District.  Venue is further proper

here in accordance with Weight Watchers' terms and conditions, which designate that all

disputes arising under the membership agreement shall be filed only in the state or federal courts

located in New York County in the State of New York.

## PARTIES

13.     Plaintiff Kyle Vodden is a citizen of California who resides in Roseville,

California.  In March 2020, Ms. Vodden became a member of Defendant's in-person workshop

program.  She paid approximately $64.95 for a six-month membership.  On March 14, 2020,

Defendant announced that it would cease all in-person workshops, and instead provide in-person

workshops.  As a result, Ms. Vodden requested that Defendant refund her in full, but Defendant

refused to do so.  On April 17, Defendant charged Plaintiff's debit card and additional $13.80 for

digital services.  Defendant has not refunded or attempted to refund Plaintiff any part of her six-

month fee, or the additional charge for digital services for March 14 through present.  Plaintiff

signed up for Defendant's membership with the belief and on the basis that she would have

access to Defendant's in-person workshops.  Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had she known that she would not have access to any of Defendant's in-person workshops.

14.     Defendant WW International, Inc. is a Virginia corporation located and headquartered at 675 Avenue of the Americas, New York, New York, 10010.  Defendant is the operator of more than 3,000 Weight Watchers locations in the United States.  The planning and execution of the advertising, marketing, and corporate operations concerning the in-person workshops was primarily carried out at the Weight Watchers office within New York.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for memberships while Defendant ceased in-person workshops (the "Class").

16.     Plaintiff Vodden also seeks to represent a subclass defined as all members of the Class who were charged fees for memberships while Defendant ceased in-person workshops in California (the "California Subclass").

17.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

18.     Excluded from the Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest.

19.     Plaintiff Vodden is a member of the Class and California Subclass she seeks to represent.

20.     Defendant has millions of customers nationwide that have paid or were charged fees while Defendant's in-person workshops were canceled.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

21.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant has breached its contracts with it customers and whether their actions are fraudulent and unlawful.

22.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and were charged membership fees despite being barred from in-person workshops, and suffered losses as a result.

23.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

24.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**Negligent Misrepresentation**

25.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

26.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

27.     As discussed above, Defendant misrepresented that it would provide in-person workshops to those who paid membership fee.  However, Defendant in fact charged the full price for memberships despite terminating in-person workshops as of March 14, 2020.

28.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

29.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its in-person workshop memberships and services.

30.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Members of the Classes to purchase Defendant's in-person workshop memberships.

31.     Plaintiff and members of the Classes would not have purchased Defendant's in-person workshop memberships, or would not have purchased the services on the same terms, if the true facts had been known.

32.     The negligent actions of Defendant caused damage to Plaintiff and Members of the Classes, who are entitled to damages and other legal and equitable relief as a result.

## COUNT II
### Fraud

33.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

34.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

35.     As discussed above, Defendant misrepresented that its in-person workshops would be accessible to those who paid the membership fee.  However, Defendant in fact charged the full price for memberships despite terminating its in-person workshops on March 14, 2020.

36.     These misrepresentations and omissions were made with knowledge of their falsehood.

37.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended and actually induced Plaintiff and Members of the Classes to Defendant's in-person workshop memberships.

38.     The fraudulent actions of Defendant caused damage to Plaintiff and Members of the Classes, who are entitled to damages and other legal and equitable relief as a result.

## COUNT III
### Unjust Enrichment

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

41.     Plaintiff and members of the Classes conferred benefits on Defendant by paying, and being charged, membership fees despite Defendant's in-person workshops being terminated as of March 14, 2020.

42.     Defendant has knowledge of such benefits.

43.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and members of the Classes' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers their membership fees despite Defendant's in-person workshops being cancelled.  These misrepresentations and charges caused injuries to Plaintiff and members of the Classes because they would not have paid Defendant's membership fees had the true facts been known.

44.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court.

## COUNT IV
## Money Had and Received

45.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

47.     Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Classes, those membership fees were not used for the benefit of Plaintiff and the Classes, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Classes.

48.     Defendant obtained money in the form of membership fees that was intended to be used to provide in-person workshops to Plaintiff and the Classes.  However, Defendant has retained all of the membership fees for while cancelling its in-person workshops.

## COUNT V
### Conversion

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

51.     Plaintiff and members of the Classes had a right to retain their membership fees while all of Defendant's in-person workshops were and remain cancelled.

52.     Defendant intentionally charged Plaintiff's and members of the Classes' debit and credit cards for the membership fees while Defendant's in-person workshops were cancelled.

53.     Plaintiff and Members of the Classes did not consent to Defendant's charging of their debit and credit cards while Defendant's in-person workshops were cancelled.

54.     Plaintiff and members of the Classes were harmed through Defendant's charging of their debit and credit cards.

55.     Defendant's conduct was a substantial factor in causing Plaintiff and Members of the Classes' harm.

## COUNT VI
### Breach of Contract

56.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

58.     Defendant entered into contracts with Plaintiff and Members of the Classes to provide in-person workshops in exchange for the payment of membership fees.

59.     Defendant has breached these contracts by charging Plaintiff and Members of the Classes' debit and credit cards for their memberships despite cancelling its in-person workshops.

60.     Plaintiff and members of the Classes have suffered an injury through the payment of membership fees while not having access to Defendant's in-person work.

## COUNT VII
### Violation of New York General Business Law § 349

61.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

63.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations in the marketing of the in-person workshops.

64.     The foregoing deceptive acts and practices were directed at consumers.

65.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresented the ability of Plaintiff and the Class and Subclass members to access Defendant's in-person workshops despite paying the full membership fee.

66.     Plaintiff and members of the Classes were injured as a result because (a) they would not have paid Defendant's membership fees had they known that they would not be able to access Defendant's in-person workshops, and (b) they overpaid for their in-person workshop memberships on account of these misrepresentation.

67.     On behalf of herself and other members of the Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VIII
### Violation of New York General Business Law § 350

68.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

69.     Plaintiff brings this claim individually and on behalf of members of the Classes

against Defendant.

70.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the ability of Plaintiff and Class and Subclass members to access Defendant's in-person workshops.

71.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

72.     This misrepresentation has resulted in consumer injury or harm to the public interest.

73.     As a result of this misrepresentation, Plaintiff and members of the Classes have suffered economic injury because (a) they would not have paid Defendant's membership fee had they known that they would not be able to access Defendant's in-person workshops after March 14, 2020, and (b) they overpaid for their in-person workshop memberships on account of these misrepresentation.

74.     On behalf of herself and other members of the Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## <u>COUNT IX</u>
### Violation of New York General Business Law §§ 620, *et seq.*

75.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

76.     Plaintiff brings this claim individually and on behalf of members of the Classes against Defendant.

77.     Defendant is a "health club" as that term is defined under New York General

Business Law ("GBL") § 621(2)

78.     Under New York GBL § 627, any contract for health club services entered into that does not comply with the provisions of GBL §§ 620, *et seq.* shall be void and unenforceable.

79.     Pursuant to New York GBL § 624(3), every health club contract should contain a provision enabling consumers to cancel the contract "if the services cease to be offered as stated in the contract."  In such an event, the health club is required to refund "all monies paid pursuant to such contract cancelled … within fifteen days of the receipt of such notice of cancellation."

80.     Here, Plaintiff and members of the Classes signed up for Defendant's in-person workshop membership based on Defendant's false and misleading representation that they would have access to Defendant's in-person workshops.  However, Defendant unilaterally charged Plaintiff and members of the Classes the full cost of membership and additional fees despite cancelling its in-person workshops as of March 14, 2020.

81.     Defendant's acts are in violation of GBL § 626(6), which prohibits "unfair and deceptive trad practice[s]" defined as "misrepresent[ing] the nature and extent of any personal services, guidance, assistance, or other attention the business will provide for consumers."

82.     Defendant's acts also violate GBL § 626(8), which prohibits the misrepresentation "in any manner by the seller …  the buyer's right to cancel under this article."

83.     Defendant's acts also violate GBL § 626 (5), which prohibits the misrepresentation of a health clubs "courses, training devices, methods or equipment."

84.     Accordingly, the membership contracts are void and Defendant must refund all of the memberships charged while its in-person workshops were and remain cancelled.  Further, Plaintiff and the Class and Subclass members are entitled to actual damages, treble damages, and reasonable attorneys' fees.  GBL § 628(1).

**COUNT X**
**Violation of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq.***
**(Injunctive Relief Only)**

85.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

86.     Plaintiff brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

87.     Plaintiff and Class members are consumers who paid membership fees for in-person workshops for personal, family or household purposes.  Plaintiff and the California Subclass are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

88.     Access to Defendant's in-person workshops that Plaintiff and California Subclass members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

89.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

90.     Defendant's advertising that its customers would have access to its in-person workshops upon paying a membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendant in fact cancelled its in-person workshops while continuing to charge its customers the price of membership.

91.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By

14

engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular characteristics, benefits and quantities of the services.

92.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

93.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertised services with the intent not to sell the services as advertised.

94.     Plaintiff and the California Subclass acted reasonably when they purchased Defendant's in-person workshop membership on the belief that Defendant's representations were true and lawful.

95.     Plaintiff and the California Subclass suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's in-person workshop memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while cancelling all in-person workshops; (b) they would not have purchased in-person workshop memberships on the same

terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's in-person workshop membership based on Defendant's misrepresentations and omissions; and (d) Defendant's in-person workshop memberships did not have the characteristics, benefits, or quantities as promised.

96.     Under California Civil Code § 1780(a), Plaintiff and members of the California Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA.  Plaintiff mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend the complaint to include a request for damages as permitted by Civil Code § 1782(d).

97.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

98.     On April 30, 2020, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a letter, which complies in all respects with California Civil Code §1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers.  Defendant did not respond to the letter.  A true and correct copy of the letter is attached hereto as **Exhibit A**.

### COUNT XI
**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq*.**

99.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

100.    Plaintiff brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

101.   Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

102.   Defendant's advertising that its customers would have access to in-person workshops upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact cancelled its in-person workshops despite charge its customers the full price of membership.

103.   Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, and the FAL, and other applicable law as described herein.

104.   Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising and its charging of membership fees while its in-person workshops are cancelled is of no benefit to consumers.

105.   Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendant's in-person workshops..

106.   Plaintiff and the California Subclass acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendant's in-person workshops were accessible.

107.   Plaintiff and the California Subclass lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased or paid for Defendant's

in-person workshop memberships absent Defendant's representations and omission of a warning

that it would continue charging customers' credit cards and debit cards while all in-person

workshops were cancelled; (b) they would not have purchased in-person workshop memberships

on the same terms absent Defendant's representations and omissions; (c) they paid a price

premium for Defendant's in-person workshop memberships based on Defendant's

misrepresentations and omissions; and (d) Defendant's in-person memberships did not have the

characteristics, benefits, or quantities as promised.

### COUNT XII
**Violation of California's False Advertising Law,
California Business & Professions Code §§ 17500, *et seq*.**

108.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

109.     Plaintiff brings this claim individually and on behalf of the members of the

proposed California Subclass against Defendant.

110.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq.,

makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

before the public in this state, ... in any advertising device ... or in any other manner or means

whatever, including over the Internet, any statement, concerning ... personal property or services,

professional or otherwise, or performance or disposition thereof, which is untrue or misleading

and which is known, or which by the exercise of reasonable care should be known, to be untrue

or misleading."

111.     Defendant engaged in a scheme of charging customers full membership fees

while 100 percent of their in-person workshops were cancelled.  Defendant's advertising and

marketing of its workshops as "in-person" misrepresented and/or omitted the true content and

18

nature of Defendant's services.  Defendant's advertisements and inducements were made in and

originated from California and come within the definition of advertising as contained in Bus. &

Prof. Code § 17500, *et seq.* in that the promotional materials were intended as inducements to

purchase in-person workshop memberships, and are statements disseminated by Defendant to

Plaintiff and California Subclass members.  Defendant knew that these statements were

unauthorized, inaccurate, and misleading.

112.    Defendant's advertising that its customers would have access to its in-person

workshops upon paying a membership fee is false and misleading to reasonable consumers,

including Plaintiff, because Defendant in fact cancelled all in-person workshops while

continuing to charge its customers the full price of in-person workshop memberships.

113.    Defendant violated § 17500, et seq. by misleading Plaintiff and the California

Subclass to believe that they would be charged fees only when they have access to Defendant's

in-person workshops.

114.    Defendant knew or should have known that it was breaching its contracts with its

customers and fraudulently charging fees when it continued charging fees while all of its in-

person workshops were cancelled.

115.    Plaintiff and the California Subclass lost money or property as a result of

Defendant's FAL violation because (a) they would not have purchased or paid for Defendant'

in-person workshop memberships absent Defendant' representations and omission of a warning

that it would continue charging customers' credit cards and debit cards while all in-person

workshops were cancelled; (b) they would not have purchased in-person workshop memberships

on the same terms absent Defendant's representations and omissions; (c) they paid a price

premium for Defendant's in-person workshop memberships based on Defendant's

misrepresentations and omissions; and (d) Defendant's in-person workshop memberships did not have the characteristics, benefits, or quantities as promised.

<u>**COUNT XIII**</u>
**Violation of California Civil Code §§ 1694.5,** *et seq.*

116.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

117.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

118.    Plaintiff's in-person membership with Defendant is a "weight loss contract" as used in Cal. Civ. Code § 1694.5 because it is a membership in a group formed for the purposes of providing instruction, counseling, supervision, or assistance in weight reduction, body shaping, diet, and/or eating habits.

119.    Plaintiff entered into a 6-month installment contract for an in-person membership on March 13, 2020.  Defendant suspended the in-person workshops on March 14, 2020. When Plaintiff requested a refund from Defendant she did not receive one.  As such Defendant violated Cal. Civ. Code § 1694.6.

120.    Defendant violated Cal. Civ. Code § 1694.7(b) because the contracts entered into by Plaintiff and the California Subclass did not contain, on their face, and in close proximity to the space reserved for the signature of the buyer, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: "You, the buyer, may cancel this agreement, without any penalty or obligation, at any time prior to midnight of the original contract seller's third business day following the date of this contract, excluding Sundays and holidays. To cancel this agreement, mail or deliver a signed and dated notice, or send a telegram which states that you, the buyer, are canceling this agreement," or words of similar effect.

121.    Defendant violated Cal. Civ. Code § 1694.9(b) by advertising that its customers would have access to its in-person workshops upon paying a membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendant in fact cancelled all in-person workshops while continuing to charge its customers the full price of in-person workshop memberships.  Reasonable consumers such Plaintiff and members of the California Subclass reasonably believed that they would be charged fees only when they have access to Defendant's in-person workshops.

122.    Defendant's actions were willful because it knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while all of its in-person workshops were cancelled.

123.    Each of these violations independently renders the contracts entered into by Plaintiff and the California Subclass void and unenforceable such that they may be cancelled at any time.  Cal. Civ. Code § 1694.7(e); Cal. Civ. Code. § 1694.9(a); Cal. Civ. Code § 1694.9(d).

124.    As a result, Plaintiff and the California Subclass seek recovery of actual damages including all membership or installment fees paid while the in-person workshops were unavailable, the trebling thereof, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and California Subclass, and further appointing Plaintiff's attorneys as Class Counsel to represent the Class and California Subclass;

B.    Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, treble, and punitive damages to Plaintiff and the Class and Subclass in an amount to be determined at trial;

C.      Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.      Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

E.      Grant any and all such other relief as the Court deems appropriate.


## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  May 18, 2020                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Philip L. Fraietta*

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  fklorczyk@bursor.com

*Attorneys for Plaintiff*

### CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Philip L. Fraietta, declare as follows:

1.      I am an attorney at law licensed to practice in the State of New York and a member of the bar of this Court. I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Southern District of New York.

I declare under the penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct and that this declaration was executed at New York, New York this 18th day of May, 2020.

_/s/ Philip L. Fraietta_
Philip L. Fraietta

23