**EXHIBIT A**

**BURSOR & FISHER**
P.A.

1990 N. CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

FREDERICK J. KLORCZYK III
Tel: 925.300.4455
Fax: 925.407.2700
fklorczyk@bursor.com

April 30, 2020

<u>*Via Certified Mail - Return Receipt Requested*</u>

WW International, Inc.
675 Avenue of the Americas, 6th Floor
New York, NY 10010

The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York, 12207

Re:  *Notice And Demand Letter Pursuant To California Civil Code §§ 1750, et seq.; California Civil Code §§ 1694.5, et seq.*; *N.Y. General Business Laws §§ 349 & 350; U.C.C. § 2-607; and all other relevant state and local laws*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Defendant WW International, Inc. ("Defendant," "WW," "Weight Watchers," or "You") arising from breaches of express and implied warranties described herein pursuant to U.C.C. § 2-607(3)(a), on behalf of our clients, Kyle Vodden and Evelyn Welge, and all other persons similarly situated. This letter also serves as notice of violations of all applicable consumer protection laws, including, but not limited to, California's Consumers Legal Remedies Act, Civil Code § 1770, California's Weight Loss Contracts Act, Civil Code §§ 1694.5, *et seq.*, and New York's General Business Law §§ 349 & 350, as well as breach of contract.

You have participated in marketing and selling memberships for Your in-person workshop program by advertising that members would have access to 14,000+ in-person workshops at 3,000+ WW locations in the United States. On March 14, 2020, You announced that You had "decided to transition our in-person Workshops to virtual Workshops" effective March 16, 2020. As of the date of this letter, the Workshops remain virtual. However, You have continued charging my clients and other customers the full price of their monthly membership fees while 100% of Your in-person Workshops remain closed to the public. Further, you have not frozen payments or offered refunds even though Your in-person workshops are closed. My clients signed up for in-person memberships with the belief and on the basis that they would have access to Your in-person workshops. They would not have paid for the membership, or would not have paid for it on the same terms, had they known that they would not have access to any of Your in-person workshops.

Ms. Vodden and Ms. Welge are acting on behalf of a class defined as all persons in the United States with in-person workshop memberships who were charged while all of Your workshops were closed (hereinafter, the "Class"). Ms. Vodden is also acting on behalf of a subclass of all persons in California with an in-person workshop membership. Ms. Welge is also acting on behalf of a subclass of all persons in New York with an in-person workshop membership.

To cure the defects described above, we demand that you (1) cease and desist from continuing to charge my clients and Your customers fees for in-person workshops; and (2) make full restitution to all persons who paid fees while Your in-person workshops were closed.

We further demand that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the fees You collect or collected from Your customers;

2. All documents concerning the differences between Your in-person workshop memberships and digital memberships;

3. All documents concerning the marketing, advertising, or sale of Your in-person workshops or memberships;

4. All documents concerning Your decision to close Your in-person workshops;

5. All documents concerning Your decision to keep charging customers while Your in-person workshops are closed;

6. All documents concerning Your decision to not refund in-person workshop members while Your in-person workshops are closed; and

7. All communications with customers concerning complaints or comments concerning Your in-person workshops, customer contracts, or fees You charged.

We are willing to negotiate to attempt to resolve the demands asserted in this letter. If you wish to enter into such discussions, please contact me immediately. If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

Frederick J. Klorczyk III