**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VODDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WW INTERNATIONAL, INC.,<br><br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.:  1:20-cv-03856-PAE |

**WW INTERNATIONAL, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Terence P. Ross
Kristin D. Lockhart (*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW
North Tower – Suite 200
Washington, DC  20007-5118
Telephone:      (202) 625-3676
Facsimile:      (202) 298-7570
terence.ross@katten.com
kristin.lockhart@katten.com

*Counsel for WW International, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND .................................................................................. 2

ARGUMENT ........................................................................................................... 6

I.      THE COURT LACKS SUBJECT MATTER JURISDICTION TO
        ADJUDICATE PLAINTIFF'S CAUSES OF ACTION. .................................. 6

        A.      Plaintiff Lacks Constitutional Standing And Class Standing To Bring
                Claims For Damages Individually And On Behalf Of The Putative Class............. 6

                i.      Plaintiff Cannot Establish That She Has Suffered An Injury In Fact
                        Sufficient To Confer Constitutional Standing. ........................................... 8

                ii.     Plaintiff Cannot Establish That She Has Suffered An Injury In Fact
                        Sufficient To Confer Class Standing. ........................................................ 9

        B.      Plaintiff Lacks Constitutional Standing And Class Standing To Bring
                Claims For Injunctive Relief Individually And On Behalf Of The Putative
                Class. ................................................................................................................ 10

        C.      Plaintiff Also Lacks Statutory Standing To Assert Causes Of Action
                Under New York GBL §§ 349 And 350. .......................................................... 12

II.     PLAINTIFF CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE
        GRANTED. .............................................................................................................. 14

        A.      Plaintiff's Causes Of Action For Negligent Misrepresentation And Fraud
                Must Be Dismissed. .......................................................................................... 14

                i.      Plaintiff Does Not Plead Her Negligent Misrepresentation And
                        Fraud Causes Of Action With The Required Particularity. ...................... 14

                ii.     The Terms And Conditions Of Membership Belie Plaintiff's
                        Allegations Of Negligent Misrepresentation. .......................................... 15

                iii.    Plaintiff's Fraud Cause Of Action Must Also Be Dismissed
                        Because The Allegedly Fraudulent Statement Was True At The
                        Time It Was Made. ................................................................................... 17

        B.      Plaintiff's Causes Of Action For Unjust Enrichment And Money Had And
                Received Are Quasi-Contract Claims That Are Precluded By Law..................... 18

        C.      Plaintiff's Breach Of Contract Cause Of Action Fails To Allege That WW
                Breached The Terms And Conditions And Must Be Dismissed. ......................... 19

i

D.      Plaintiff's Conversion Cause Of Action Is Redundant Of Her Breach Of
        Contract Cause Of Action And Must Be Dismissed............................................. 21

E.      Plaintiff's State Statutory Causes Of Action For Deceptive Or Misleading
        Conduct Must Be Dismissed Because No Reasonable Consumer Would
        Believe That The Workshop + Digital Membership Would Never Be
        Changed Given The Terms And Conditions........................................................ 21

F.      Plaintiff Fails To Plausibly Allege Violations Of Cal. Civ. Code §§
        1694.5, *et seq.* And New York GBL §§ 620, *et seq.* ............................................ 24

CONCLUSION.................................................................................................................... 25

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*4 K & D Corp. v. Concierge Auctions, LLC*,
2 F. Supp. 3d 525 (S.D.N.Y. 2014) ...............................................................12, 13

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
651 F. Supp. 2d 155 (S.D.N.Y. 2009)....................................................................7

*AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*,
No. 04-cv-8832, 2006 WL 1593884 (S.D.N.Y. June 7, 2006) ..............................21

*Allen v. Wright*,
468 U.S. 737 (1984)...........................................................................................7, 9

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 1586 (2013) .....................6, 8

*Andres v. LeRoy Adventures, Inc.*,
201 A.D.2d 262, 607 N.Y.S.2d 261 (1994) ...........................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................14, 15, 20

*Austin v. Albany Law Sch. of Union Univ.*,
957 N.Y.S.2d 833 (N.Y. Sup. Ct. 2013) ...................................................16, 17, 22

*Baker-Rhett v. Aspiro AB*,
324 F. Supp. 3d 407 (S.D.N.Y. 2018).............................................................12, 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................14

*Bell v. Blizzard Entm't, Inc.*,
No. 12-cv-09475, 2013 WL 12063912 (C.D. Cal. Apr. 3, 2013) ...........................11

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)....................................................................20

*Berni v. Barilla S.p.A.*,
No. 19-cv-1921, 2020 WL 3815523 (2d Cir. July 8, 2020)....................................10

*Block v. eBay, Inc.*,
747 F.3d 1135 (9th Cir. 2014) ...............................................................................24

*Burns v. Del. Charter Guar. & Trust Co.*,
  10-cv-04534, 2011 WL 2314835 (S.D.N.Y. June 8, 2011) ....................................................15

*Cacchillo v. Insmed, Inc.*,
  638 F.3d 401 (2d Cir. 2011).........................................................................................................6

*Choung v. Allstate Ins. Co.*,
  283 A.D.2d 468 (2d Dep't 2001) ...............................................................................................16

*Citadel Mgmt. Inc. v. Telesis Trust, Inc.*,
  123 F. Supp. 2d. 133 (S.D.N.Y. 2000)........................................................................................21

*Costigan v. CitiMortgage, Inc.*,
  10-cv-08776, 2011 WL 3370397 (S.D.N.Y. Aug. 2, 2011) .....................................................15

*Cruz v. FXDirect Dealer, LLC*,
  720 F.3d 115 (2d Cir. 2013).......................................................................................................12

*DaCorta v. AM Retail Grp., Inc.*,
  No. 16-cv-01748, 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) ................................................10

*Daniel v. Tootsie Roll Indus., LLC*,
  No. 17-cv-07541, 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018)................................................11

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .....................................................................................................11

*Denny v. Barber*,
  576 F.2d 465 (2d Cir. 1978).......................................................................................................17

*Doe v. Blum*,
  729 F.2d 186 (2d Cir. 1984)..........................................................................................................7

*Druyan v. Jagger*,
  508 F. Supp. 2d 228 (S.D.N.Y. 2007)........................................................................................21

*Duran v. Henkel of Am., Inc.*,
  No. 19-cv-2794, 2020 WL 1503456 (S.D.N.Y. Mar. 30, 2020)..........................................10, 11

*Epstein v. JPMorgan Chase Co.*,
  No. 13-cv-04744, 2014 WL 11333567 (S.D.N.Y. Mar. 21, 2014)...................................7, 9, 11

*Everlast World's Boxing Headquarters Corp. v. Trident Brands Inc.*,
  No. 19-cv-503, 2020 WL 917058 (S.D.N.Y. Feb. 26, 2020) ....................................................16

*Fletcher v. ConvergEx Grp. LLC*,
  388 F. Supp. 3d 293 (S.D.N.Y. 2019).................................................................................7, 9, 10

*Flip Flop Shops Franchise Co., LLC v. Neb*,
　No. 16-cv-7259, 2017 WL 2903183 (C.D. Cal. Mar. 14, 2017)..............................................24

*Gargano v. Morey*,
　165 A.D.3d 889, 86 N.Y.S.3d 595 (2018) ..............................................................................19

*In re: General Motors LLC Ignition Switch Litig.*,
　No. 14-md-2543, 2016 WL 3920353 (S.D.N.Y. July 15, 2016) ...............................................7

*Ginx, Inc. v. Soho All.*,
　720 F. Supp. 2d 342 (S.D.N.Y. 2010)......................................................................................4

*Goldman v. Metro. Life Ins. Co.*,
　5 N.Y.3d 561, 841 N.E.2d 742 (2005)...................................................................................19

*Goshen v. Mut. Life Ins. Co. of New York*,
　98 N.Y.2d 314 (2002) ...............................................................................................12, 13

*Great British Teddy Bear Co. v. McNeil-PPC, Inc.*,
　No. 12-cv-3926, 2013 WL 1286148 (S.D.N.Y. Mar. 29, 2013)................................................4

*Grosz v. Museum of Modern Art*,
　772 F. Supp. 2d 473 (S.D.N.Y. 2010)......................................................................................4

*Hesse v. Godiva Chocolatier, Inc.*,
　No. 19-cv-00972, 2020 WL 2793014 (S.D.N.Y. May 29, 2020) ...........................................11

*In re Intel Laptop Battery Litig.*,
　No. 09-cv-02889, 2011 WL 7290487 (N.D. Cal. April 7, 2011).............................................11

*Jackson-Mau v. Walgreen Co.*,
　No. 18-cv-4868, 2019 WL 5653757 (E.D.N.Y. Oct. 31, 2019) .............................................19

*JewelAmerica Inc. v. Frontstep Sols. Grp., Inc.*,
　No. 02-cv-1328, 2002 WL 31465807 (S.D.N.Y. Nov. 1, 2002)..............................................16

*Karmilowicz v. Hartford Fin. Servs. Grp.*,
　No. 11-cv-539, 2011 WL 2936013 (S.D.N.Y. July 14, 2011).......................................2, 14, 21

*Kaufman v. Sirius XM Satellite Radio, Inc.*,
　474 Fed. App'x 5 (2d Cir. 2012).....................................................................................12, 13

*Koch v. Christie's Int'l PLC*,
　699 F.3d 141 (2d Cir. 2012).................................................................................................14

*Makarova v. United States*,
　201 F.3d 110 (2d Cir. 2000)..................................................................................................6

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)....................................................................................23

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
No. 15-cv-09188, 2016 WL 5477776 (S.D.N.Y. Sept. 29, 2016) ...............................7

*Morales v. Kimberly-Clark Corp.*,
No. 18-cv-07401, 2020 WL 2766050 (S.D.N.Y. May 27, 2020) ...........................11

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
693 F.3d 145 (2d Cir. 2012).......................................................................................7

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)......................................................................................10

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
85 N.Y.2d 20 (1995) .................................................................................................22

*U.S. ex rel. Polansky v. Pfizer, Inc.*,
No. 04-cv-0704, 2009 WL 1456582 (E.D.N.Y. May 22, 2009)................................15

*Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank
of New York Mellon*,
775 F.3d 154 (2d Cir. 2014)..................................................................................8, 10

*Robinson v. Gov't of Malaysia*,
269 F.3d 133 (2d Cir. 2001)....................................................................................6, 8

*Rozsa v. S.G. Cowen Securities Corp.*,
152 F. Supp. 2d 526 (S.D.N.Y. 2001).......................................................................22

*Sabatano v. Iovate Health Scis. U.S.A. Inc.*,
No. 19-cv-8924, 2020 WL 3415252 (S.D.N.Y. June 22, 2020) ...........................19, 22, 23, 24

*Sedona Corp. v. Ladenburg Thalmann & Co.*,
No. 03-cv-3120, 2009 WL 1492196 (S.D.N.Y. May 27, 2009) ...............................20

*Shields v. Citytrust Bancorp, Inc.*,
25 F.3d 1124 (2d Cir. 1994)......................................................................................14

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) ..................................................................................24

*In re Sony Gaming Networks & Consumer Data Secur. Breach Litig.*,
996 F. Supp. 2d. 942 (S.D. Cal. 2014)..................................................................23, 24

*Tandon v. Captains Cove Marina of Bridgeport, Inc.*,
752 F.3d 239 (2d Cir. 2014).......................................................................................3

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,
Inc.*,
454 U.S. 464 (1982) ........................................................................................6

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*,
455 Fed. App'x 102 (2d Cir. 2012) ...............................................................20

*W.B. David & Co. v. DWA Commc'ns, Inc.*,
No. 02-cv-8479, 2004 WL 369147 (S.D.N.Y. Feb. 26, 2004) .............................21

*Waterford Twp. Police & Fire Ret. Sys. v. Reg'l Mgmt. Corp.*,
723 F. App'x 20 (2d Cir. 2018) .....................................................................17

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) ........................................................................................7

*Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*,
215 F.3d 247 (2d Cir. 2000) ............................................................................3

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................5, 22, 23, 24

Cal. Bus. & Prof. Code § 17500 ................................................................5, 22, 23, 24

Cal. Civ. Code § 1694 ..............................................................................5, 25

Cal. Civ. Code § 1750 ..........................................................................5, 23, 24

Cal. Civ. Code § 1770(a) ...............................................................................23

N.Y. Gen. Bus. L. § 349 ....................................................................5, 11, 12, 22

N.Y. Gen. Bus. L. § 350 ....................................................................5, 11, 12, 22

**Other Authorities**

Fed. R. Civ. P. 8 .........................................................................................20

Fed. R. Civ. P. 9(b) .................................................................................14, 15

Fed. R. Civ. P. 12(b)(1) ...........................................................................1, 3, 6, 7

Fed. R. Civ. P. 12(b)(6) ............................................................................1, 4, 14

Fed. R. Evid. 201 .........................................................................................4

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, WW International, Inc. ("WW") respectfully submits this Memorandum of Law in support of its Motion to Dismiss (the "Motion") the Class Action Complaint filed by Kyle Vodden, on behalf of herself and all others similarly situated.

## INTRODUCTION

These are truly unprecedented times.  The COVID-19 pandemic has forced both federal and state governments to adopt extraordinary measures in an effort to slow and stop the spread of the coronavirus.  In particular, this past Spring, most state governments declared public emergencies and issued "stay-at-home" orders.  These government-ordered measures to combat the spread of the coronavirus forced private businesses and public institutions to adapt their operations to the realities of the COVID-19 pandemic.  As just one example, this Court was forced to transition in-person appearances for hearings and trials to virtual appearances conducted online.  Similarly, WW transitioned its in-person Workshops for members to virtual Workshops conducted online as a way to continue to support its members in a safe manner.  This was an appropriate and reasonable action taken by WW to protect its members and to comply with government orders.

In challenging times such as these, we often see the best of America emerge to meet such challenges.  Unfortunately, we also sometimes see the worst, with some individuals setting aside the common good in a crass attempt to profit from a national problem.  This lawsuit is an example of this.  It seeks millions of dollars from WW because WW temporarily transitioned from in-person Workshops for its members to virtual Workshops conducted online as a way to continue to support its members during the COVID-19 pandemic.  Notwithstanding the fact that WW's membership agreement expressly allows it to change how it offers Workshops and notwithstanding the fact that state government orders addressing the COVID-19 pandemic made in-person Workshops illegal

1

and notwithstanding the fact that the Plaintiff and all WW members could cancel their membership if not satisfied with the virtual Workshops, the Plaintiff here accuses WW of breach of contract, fraud, unjust enrichment and the violation of various state consumer protection statutes for not continuing to hold in-person Workshops.   There is no merit to any of these causes of action and they are brought solely in an attempt to profit from the COVID-19 pandemic.   WW respectfully requests that the Court dismiss this lawsuit with prejudice and, in so doing, send a strong message that such frivolous litigation seeking to take advantage of the COVID-19 pandemic will not be tolerated by the Court.

## FACTUAL BACKGROUND

WW is a Virginia corporation with its principal place of business in New York.  (Dkt. No. 1, Complaint ("Compl."), ¶ 14).   WW is a wellness company focused on providing weight management programs.  (*Id.* at ¶ 2).   WW offers various WW-branded services and products, including three types of membership subscriptions—a Digital Membership, a Workshop + Digital Membership, and a Personal Coaching + Digital Membership (collectively, the "Offerings").[1]  The Workshop + Digital Membership provides subscribers with an "in-person Coach . . . plus . . . all the benefits of our Digital tools."  (*Id.* at ¶ 4, n.3).   The Digital Membership does not offer any coaching.  (*Id.*).

---

[1] The Complaint repeatedly misrepresents the nature of WW's Offerings.   The Complaint, however, does cite to WW's website, including the page displaying WW's Offerings.  (Compl., ¶ 4, n.3 and n.4).   When documents are referenced in a complaint, the Court may review those documents and, if those documents contradict the allegations of the complaint, the Court need not accept the allegations of the complaint as true.  *E.g.*, *Karmilowicz v. Hartford Fin. Servs. Grp.*, No. 11-cv-539, 2011 WL 2936013, at *7 (S.D.N.Y. July 14, 2011).   Here, the Court may consider pages from WW's website, including the page displaying WW's Offerings, which accurately describe WW's Workshop + Digital Membership.

Plaintiff Kyle Vodden is a California resident.  (*Id.* at ¶ 13).  On March 9, 2020, Ms. Vodden subscribed to WW's Workshop + Digital Membership, and, because of a special promotion running at that time, received the first month of her six-month membership plan for free.  (Declaration of Maureen Martin ("Martin Dec.", ¶ 6).[2]  In subscribing to WW's Workshop + Digital Membership, Ms. Vodden agreed to WW's terms and conditions of membership (the "Terms and Conditions").  (*Id.* at ¶ 7).

As part of the promotion she selected, Ms. Vodden was not charged the monthly fee of $44.95 for the first month of her membership.  (*Id.* at ¶ 8).  As the promotion terms conspicuously state, however, in order to obtain the free month, "[a]n early termination fee of $64.95 applies if you cancel at any time during the first 5 months of your 6-Month Commitment Plan" (the "Early Termination Fee").  (*Id.*)  The Terms and Conditions of Ms. Vodden's Workshop + Digital Membership also reference this Early Termination Fee, and, in addition, include the following provision:

> *In our sole discretion and without prior notice or liability, we may discontinue or modify any aspect of the Offerings or the Website and/or Apps, including, but not limited to, (i) restricting the time the Offerings, the Website and/or Apps are available, (ii) restricting the amount of use and/or access permitted, and (iii) restricting or terminating anyone's right to use and/or access the Offerings, the Website and/or Apps.*

---

[2] The Motion seeks to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff has failed to plead facts sufficient to establish constitutional and class standing.  When subject matter jurisdiction is challenged, a district court is permitted to consider evidence outside of the pleadings, such as affidavits and exhibits.  *See Tandon v. Captains Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits" in order to decide a 12(b)(1) motion); *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.").  WW disputes the facts asserted by Plaintiff relating to this Court's jurisdiction and files simultaneously herewith the Declaration of Maureen Martin in support of its Motion.

(*Id.* at ¶ 9 and Ex. 3).  By signing up for the Workshop + Digital Membership, Ms. Vodden agreed

to the Terms and Conditions, including the foregoing provision.  (*Id.* at ¶ 7).

On March 4, 2020—five days *before* Ms. Vodden signed up for her Workshop + Digital

Membership—the State of California declared a State of Emergency due to the COVID-19

pandemic.[3]  This was soon followed by a Stay-At-Home Order.  And, this was only the beginning

as a cascade of states across the nation issued similar orders.  By March 14, 2020, it was clear to

WW that it would be prohibited from continuing in-person Workshops and it informed all

Workshop + Digital members that it was temporarily transitioning its in-person Workshops to

virtual Workshops conducted online via Zoom, effective March 19, 2020.  (Compl., ¶ 6; Martin

Dec., ¶ 11).

On March 13, 2020, Ms. Vodden contacted WW's customer service via online chat and

indicated that she wanted to switch to the Digital Membership because her doctor advised her to

"avoid groups for the time being."  (Martin Dec., ¶ 10, Ex. 4).[4]  On March 17, 2020, Ms. Vodden

---

[3] The Court is entitled to take judicial notice of the date the State of California declared a State of
Emergency and issued the Stay-At-Home Order due to the COVID-19 pandemic, which "can be
accurately and readily determined" from the State's website, at
https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (last accessed on July 12, 2020),
"whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

[4] On a Rule 12(b)(6) motion, in addition to documents relied on in the complaint, the Court may
also consider "documents that the plaintiff either possessed or knew about and relied upon in
bringing the suit." *Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 352 (S.D.N.Y. 2010), *as corrected*
(Aug. 19, 2010) ("Plaintiffs' failure to include matters of which as pleaders they had notice and
which were integral to their claim—and that they apparently most wanted to avoid—may not serve
as a means of forestalling the district court's decision on the motion.").  *See also Grosz v. Museum
of Modern Art*, 772 F. Supp. 2d 473, 491-97 (S.D.N.Y. 2010) (correspondence between the parties
not attached to complaint was integral to plaintiff's claim); *Great British Teddy Bear Co. v.
McNeil-PPC, Inc*., No. 12-cv-3926, 2013 WL 1286148, at *1 (S.D.N.Y. Mar. 29, 2013) (plaintiff
relied upon emails when framing the complaint and the court may "consider them without
converting the instant motion to dismiss into a motion for summary judgment").  Ms. Vodden
knew of these chat messages because she was a party to them and chose not to reference them in
the Complaint because they undermine her key allegations.

cancelled her Workshop + Digital Membership, and, pursuant to the Terms and Conditions thereof, was charged the Early Termination Fee of $64.95. (*Id.* at ¶ 12). At the same time, however, WW's customer service informed her that she could obtain a refund of the Early Termination Fee once she signed up for the Digital Membership simply by calling WW's customer service back after subscribing to the Digital Membership. (*Id.* at ¶ 12, Ex. 5). Ms. Vodden thereafter signed up for the Digital Membership and, pursuant to the terms of that subscription, was charged the first monthly fee of $13.80. (*Id.* at ¶ 13, Ex. 6). A refund of her Early Termination Fee was issued on June 22, 2020. (*Id*. at ¶ 14). After filing this lawsuit, Ms. Vodden terminated her Digital Membership effective June 16, 2020. (*Id.* at ¶ 15).

Ms. Vodden filed the Complaint on May 18, 2020, on behalf of herself and WW subscribers of "in person workshops" who were allegedly charged fees for those services after WW temporarily transitioned its in-person Workshops to virtual Workshops. The Complaint alleges causes of action against WW for: (1) negligent misrepresentation; (2) fraud; (3) unjust enrichment; (4) money had and received; (5) conversion; (6) breach of contract; (7) violation of New York General Business Law ("GBL") § 349; (8) violation of New York GBL § 350; (9) violation of New York GBL §§ 620, *et seq.*; (10) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq*.; (11) violation of California's Unfair Competition Law ("UCL"), California Civil Code §§ 17200, *et seq*.; (12) violation of California's False Advertising Law ("FAL"), California Business & Professional Code §§ 17500, *et seq*.; and (13) violation of California Civil Code §§ 1694.5, *et seq.*

WW moves to dismiss all causes of action, with prejudice, because the Complaint does not allege facts sufficient to establish the constitutional, class, and statutory standing necessary for this

Court to have subject matter jurisdiction.  WW also moves to dismiss all causes of action with prejudice as failing to state a claim upon which relief could be granted.

## ARGUMENT

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE PLAINTIFF'S CAUSES OF ACTION.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  On a motion to dismiss for lack of subject matter jurisdiction based on standing, a plaintiff "has the burden of proving by a preponderance of the evidence that [standing] exists," *id.*, and "must allege facts that affirmatively and plausibly suggest that [she] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 1586 (2013).  Although "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff," *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001), it need not do so when such allegations are "contradicted by more specific allegations or documentary evidence." *Amidax*, 671 F.3d at 145.

### A.   Plaintiff Lacks Constitutional Standing And Class Standing To Bring Claims For Damages Individually And On Behalf Of The Putative Class.

To establish constitutional standing, a plaintiff must allege that an actual case or controversy exists by demonstrating that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (internal quotations omitted).  It is well-settled that "a plaintiff must show the three familiar elements of [constitutional] standing: injury in fact, causation, and redressability." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (citation omitted).  To meet the first element, the plaintiff must

show, by a preponderance of the evidence, that it has suffered an invasion of a legally protected

interest that is concrete and particularized, *see Allen v. Wright*, 468 U.S. 737, 756 (1984), and

"actual or imminent, not conjectural or hypothetical." *Whitmore v. Arkansas*, 495 U.S. 149, 155

(1990) (internal quotations omitted).

"[I]n a putative class action, a plaintiff has class standing if he plausibly alleges (1) that he

personally has suffered some actual injury as a result of the putatively illegal conduct of the

defendant, and (2) that such conduct indicates the same set of concerns as the conduct alleged to

have caused injury to other members of the putative class by the same defendants." *NECA-IBEW

Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012).[5] The first

prong serves as a threshold inquiry that requires courts to evaluate whether the named plaintiff can

demonstrate constitutional standing to assert the claims absent the class members. *Epstein v.

JPMorgan Chase Co.*, No. 13-cv-04744, 2014 WL 11333567, at *7 (S.D.N.Y. Mar. 21, 2014) ("If

Plaintiff cannot establish standing, he cannot seek relief on behalf of himself or any other member

of the class.") (internal quotations omitted); *Abu Dhabi Commercial Bank v. Morgan Stanley &

Co. Inc.*, 651 F. Supp. 2d 155, 175 (S.D.N.Y. 2009) (same); *Doe v. Blum*, 729 F.2d 186, 190 n.4

(2d Cir. 1984) (same).  The second prong requires courts to evaluate whether the case is suitable

for class action litigation by determining whether "the claims of absent class members and the

named plaintiff require similar inquiries and proof." *Fletcher*, 388 F. Supp. 3d at 297 (plaintiff

did not satisfy second element when "[d]efendants' conduct differed depending on each plan and

---

[5] This Court has routinely addressed class standing on a motion to dismiss pursuant to Rule
12(b)(1).  *See Fletcher v. ConvergEx Grp. LLC,* 388 F. Supp. 3d 293, 295 (S.D.N.Y. 2019)
(granting motion to dismiss for lack of class standing); *Epstein*, 2014 WL 11333567, at *7 (same);
*Merryman v. J.P. Morgan Chase Bank, N.A.*, No. 15-cv-09188, 2016 WL 5477776, at *1
(S.D.N.Y. Sept. 29, 2016) (same); *In re: General Motors LLC Ignition Switch Litig.*, No. 14-md-
2543, 2016 WL 3920353, at *41 (S.D.N.Y. July 15, 2016) (same).

trade order") (internal quotations and citations omitted).  *See also Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 162 (2d Cir. 2014) (plaintiff did not satisfy second element when "each of the alleged injuries has the potential to be very different—and could turn on very different proof.").

### i.  Plaintiff Cannot Establish That She Has Suffered An Injury In Fact Sufficient To Confer Constitutional Standing.

Ms. Vodden lacks constitutional standing to bring the claims she asserts against WW because she has failed to plead any cognizable injury in fact.  Ms. Vodden alleges that she has suffered an injury in fact because she was charged for an in-person Workshop membership she did not receive.  (Compl., ¶¶ 7-9, 15-16).  Plaintiff claims that she "paid approximately $64.95 for a six month membership," and, as a result of WW's decision to transition all in-person Workshops to virtual Workshops, she "requested that Defendant refund her in full," and that WW instead "unilaterally charged her an additional $13.80 for digital services."  (*Id.* at ¶ 13).  The Court, however, should not accept these facts as true because they are contradicted by the documents that form the basis for Ms. Vodden's WW membership.  *See Robinson*, 269 F.3d at 140; *Amidax*, 671 F.3d at 145.

First, Ms. Vodden was never charged a fee for her short-lived Workshop + Digital Membership.  She paid nothing for the first month and canceled before that first free month had expired.  (Martin Dec., ¶¶ 8, 10, 12-14).  Moreover, the Early Termination Fee was subsequently refunded to her in full after she subscribed to the Digital Membership.  (*Id.* at ¶¶ 13-14).  Thus, Ms. Vodden cannot plausibly allege that she was injured by an unlawful retention of fees for service, when no fees for service were ever paid.[6]  Second, Ms. Vodden never requested (nor could

---

[6] The $64.95 Early Termination Fee was not paid by Ms. Vodden to receive a Workshop + Digital Membership.  The monthly fee for her Workshop + Digital Membership was set at a promotional

she request) a refund of fees paid for the Workshop + Digital Membership because no fees for such services were paid by her.  (*Id.* at ¶¶ 8, 10, 12).  Third, Ms. Vodden requested to change her subscription to a Digital Membership for which she was charged $13.80 per month.  (*Id.* at ¶ 13).  WW never unilaterally charged her $13.80 for unrequested digital services; Ms. Vodden expressly requested a Digital Membership.  (*Id.*).  The foregoing demonstrates that Ms. Vodden did not expend a single dollar on a Workshop + Digital Membership.  Rather, she was allowed to change to a Digital Membership without any cost to her other than the monthly cost of the Digital Membership which she expressly requested.  As a result, Ms. Vodden has not alleged any plausible facts that would establish, by a preponderance of the evidence, that she has suffered an injury in fact as a result of WW's transition from in-person Workshops to virtual Workshops conducted online.  *See Allen v. Wright*, 468 U.S. at 756.

> ### ii. Plaintiff Cannot Establish That She Has Suffered An Injury In Fact Sufficient To Confer Class Standing.

Ms. Vodden never paid a fee for services she did not receive, was not denied a refund for a purported fee for services that she did not obtain, and was never unilaterally charged an additional fee for digital services she did not request.  As such, Plaintiff cannot establish the first element of class standing because she cannot establish that that she has suffered an "actual injury" and, thus, "cannot seek relief on behalf of [herself] or any other members of the class."  *Epstein*, 2014 WL 1133567, at *9.

Even assuming *arguendo* that Ms. Vodden could establish "actual injury" for purposes of class standing, she would still be unable to establish that her claims would implicate the "same set of concerns" and would require "similar inquiries and proofs" as the class she purports to represent.

---

rate of $44.95 per month, beginning after her first month of membership.  This $44.95 monthly fee is distinct from the one-time $64.95 Early Termination Fee which was refunded to her in full.

*Fletcher*, 388 F. Supp. 3d at 297. Similar to the defendants in *Fletcher*, the terms of membership between WW and each of its members varies based on the duration of the subscription to the Workshop + Digital Membership, the member's individual decision to remain on the Workshop + Digital Membership or switch to another type of membership after the transition to virtual Workshops, and the varying fees or promotions associated with each member's individual subscription. *Id*. Because the terms of WW's membership agreement varied with each member and "each of the alleged injuries has the potential to be very different," the second element for class standing cannot be met. *Ret. Bd. of the Policemen's Annuity & Ben. Fund*, 775 F.3d at 162.

**B.     Plaintiff Lacks Constitutional Standing And Class Standing To Bring Claims For Injunctive Relief Individually And On Behalf Of The Putative Class.**

The Second Circuit recently held that "to maintain an action for injunctive relief, a plaintiff cannot rely on past injury but must show a likelihood that [s]he will be injured in the future." *Berni v. Barilla S.p.A.*, No. 19-cv-1921, 2020 WL 3815523, at *5 (2d Cir. July 8, 2020). "[S]uch a threat of future injury must be actual and imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). "If the injury occurred in the past—or if some future injury is merely conjectural or hypothetical—then plaintiffs will lack the kind of injury necessary to sustain a case or controversy, and necessary to establish standing, under Article III." *Id.  See also Duran v. Henkel of Am., Inc.*, No. 19-cv-2794, 2020 WL 1503456, at *11 (S.D.N.Y. Mar. 30, 2020); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("past injuries do not confer standing to seek injunctive relief"); *DaCorta v. AM Retail Grp., Inc.*, No. 16-cv-01748, 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) (same). As the Second Circuit recognized in *Berni*, "past purchasers" alleging false or misleading conduct on behalf of a defendant, "are not likely to encounter future harm of the kind that makes injunctive relief appropriate." *Berni*, 2020 WL 3815523, at *5 (denying class certification for lack of standing to seek injunctive relief). This Court has

consistently applied that principle because such purchasers have "*necessarily* become aware of the alleged misrepresentations, [and] there is no danger that they will again be deceived by them." *Hesse v. Godiva Chocolatier, Inc.*, No. 19-cv-00972, 2020 WL 2793014, at *5 (S.D.N.Y. May 29, 2020).  *Accord Morales v. Kimberly-Clark Corp.*, No. 18-cv-07401, 2020 WL 2766050, at *1 (S.D.N.Y. May 27, 2020); *Duran*, 2020 WL 1503456, at *11-*12; *Daniel v. Tootsie Roll Indus., LLC*, No. 17-cv-07541, 2018 WL 3650015, at *1 (S.D.N.Y. Aug. 1, 2018).[7]

Here, Plaintiff has not alleged any "real" threat of *future* injury as a result of WW's alleged misconduct because she has already cancelled her WW membership.  Instead, Plaintiff merely relies on her purported injury incurred in the past.  (Compl., p. 22) (requesting court to "permanently enjoin Defendant from engaging in the unlawful conduct *set forth herein,*" which only describes alleged *past* violations) (emphasis added).  This is insufficient to confer constitutional standing for injunctive relief.  Accordingly, the Court should dismiss such causes of action with prejudice because if "Plaintiff cannot establish standing, he cannot seek relief on behalf of himself or any other members of the class." *Epstein*, 2014 WL 1133567, at *9.

---

[7] Plaintiff's claim for injunctive relief under California law also fails.  California courts will only find a putative class representative has standing to pursue injunctive relief when:  (1) the consumer is "unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or (2) "she might purchase the product in the future, despite the fact that it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018).  Plaintiff has not alleged any facts that would support either theory of injury, and instead has only relied on allegations of purported past harm caused by WW's allegedly deceptive conduct.  This is insufficient to confer standing for the injunctive relief sought. *E.g.*, *Bell v. Blizzard Entm't, Inc.*, No. 12-cv-09475, 2013 WL 12063912, at *5 (C.D. Cal. Apr. 3, 2013) (dismissing with prejudice class action claims when class representative only relied on past harm to support standing for injunctive relief); *In re Intel Laptop Battery Litig.*, No. 09-cv-02889, 2011 WL 7290487, at *2 (N.D. Cal. April 7, 2011) (a putative class action representative did not have standing for injunctive relief because "Plaintiff's cause of action is based entirely on a past transaction" and "Plaintiff has knowledge of Defendants' alleged misconduct").

**C.**     **Plaintiff Also Lacks Statutory Standing To Assert Causes Of Action Under New York GBL §§ 349 And 350.**

In order to state a cause of action under Sections 349 and 350 of New York's GBL, a plaintiff must allege that the deceptive conduct took place in New York. *See 4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014) ("[T]o state a claim under either Section 349 or Section 350, the plaintiffs must show, at the very least, that the deceptive transaction occurred in New York in order to satisfy the territorial requirement.").[8] To determine whether the conduct at issue occurred in New York, courts "focus on the location of the transaction, and in particular the strength of New York's connection to the allegedly deceptive transaction." *Cruz v. FXDirect Dealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013).

Allegations that a transaction occurred online or that a fee for such transaction was collected in New York do not satisfy this requirement. *E.g.*, *Kaufman v. Sirius XM Satellite Radio, Inc.*, 474 Fed. App'x 5, 7-8 (2d Cir. 2012) (dismissing GBL claim and rejecting plaintiffs' reliance on allegations that the deceptive conduct was "published on a website controlled from New York" and that the transaction fee was collected in New York, when there [was] no further allegation of plaintiffs' receipt of this information *in New York*") (emphasis added); *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 326 (2002) (granting motion to dismiss for lack of standing for GBL claims when alleged deceptive advertising occurred online, but plaintiffs purchased service in Florida); *Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 416-17 (S.D.N.Y. 2018) (dismissing GBL claim when deceptive conduct was a "tweet," and plaintiff did not assert that he viewed the

---

[8] Section 349 of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*."   N.Y. Gen. Bus. L. § 349 (McKinney) (emphasis added).   Section 350 similarly prohibits "false advertising in the conduct of any business, trade or commerce in the furnishing of any service *in this state*."  N.Y. Gen. Bus. L. § 350 (McKinney) (emphasis added).

tweet in New York).  Moreover, the mere fact that parties are bound by a New York choice-of-law provision cannot satisfy this territoriality requirement and confer statutory standing on a plaintiff asserting a GBL claim.  *See 4 K & D Corp.*, 2 F. Supp. 3d at 547-48 (the "mere fact that the parties agreed to be bound by New York law . . . does not, in itself, provide any indication as to where a transaction occurred"); *Baker-Rhett*, 324 F. Supp. 3d at 416 (rejecting standing argument for GBL claim that was based on a New York choice-of-law provision).  It is also well settled that a GBL claim must be dismissed as a matter of law if the only connection to New York is that the defendant's headquarters or principal place of business is located in New York.  *See Goshen*, 98 N.Y.2d at 326 (rejecting standing argument when only connection to New York was that it was defendant's principal place of business).

Plaintiff has not alleged any facts sufficient to establish that the allegedly deceptive conduct at issue occurred in New York as required to bring claims under Sections 349 and 350 of the GBL. Ms. Vodden complains that she enrolled in WW's Workshop + Digital Membership because WW's website purportedly mislead her to believe that in-person Workshops would be available. Plaintiff, who admits that she is a California resident (Compl., ¶ 13), however, does not allege that she was present in New York when she viewed WW's website or that she was otherwise deceived while she was in New York.  The *only* allegations in the Complaint are that WW's headquarters and business is "primarily carried out at the . . . office within New York" (*id.* at ¶ 14), and that WW purportedly collected a fee for such transaction in New York.  (*Id.* at ¶ 12).[9]  As the courts in *Goshen* and *Kaufman* held, this is insufficient to satisfy the territoriality requirement and confer

---

[9] Plaintiff also relies on the Terms and Conditions, which include a New York choice-of-law provision.  (Compl., ¶ 12).  As this Court held in *4 K & D Corp.*, however, such agreed-upon terms do not "provide any indication as to where the transaction occurred" for purposes of statutory standing.  2 F. Supp. 3d at 547-48.

statutory standing upon Plaintiff under Sections 349 and 350 of the GBL.  Accordingly, these causes of action must be dismissed with prejudice as a matter of law.

## II.   PLAINTIFF CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  In other words, the complaint must allege enough facts to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief.  *Id.*

In applying this standard, a court accepts as true all well-pled factual allegations.  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  A court, however, need not accept unreasonable inferences or assume the truth of legal conclusions cast as factual allegations.  *Id.*  Moreover, when documents are incorporated by reference or otherwise referred to in a complaint, the district court need not accept as true any factual allegations in the complaint that are contradicted by those documents.  *E.g.*, *Karmilowicz*, 2011 WL 2936013, at *7.

### A.   Plaintiff's Causes Of Action For Negligent Misrepresentation And Fraud Must Be Dismissed.

#### i.   Plaintiff Does Not Plead Her Negligent Misrepresentation And Fraud Causes Of Action With The Required Particularity.

A claim subject to Rule 9(b) of the Federal Rules of Civil Procedure cannot survive a motion to dismiss unless it "(1) specif[ies] the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *Costigan v. CitiMortgage, Inc.,* 10-cv-08776, 2011 WL 3370397, at *8 n.100 (S.D.N.Y. Aug. 2, 2011) ("Rule 9(b) applies to both fraud claims and negligent misrepresentation."); *Burns v. Del. Charter Guar. & Trust Co.,* 10-cv-04534, 2011 WL 2314835, at *28 (S.D.N.Y. June 8, 2011) (dismissing negligent misrepresentation and fraud claims for failing to meet pleading standards of Rule 9(b)). In other words, a plaintiff's allegations must include the "who, what, when, where, and how" of the alleged misrepresentation. *U.S. ex rel. Polansky v. Pfizer, Inc.*, No. 04-cv-0704, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009).

Plaintiff's allegations fall short of this heightened pleading standard for her negligent misrepresentation and fraud causes of action. Plaintiff has not alleged "where . . . the statements were made" nor "explain[ed] why the statements were fraudulent" *at the time they were made*. In fact, nowhere in the Complaint does Plaintiff identify the purportedly fraudulent and/or misleading language that deceived her. Instead, Plaintiff's only allegation regarding any statement made by WW is that it "misrepresented that it would provide in-person workshops to those who paid a membership fee." (Compl., ¶¶ 27, 35). This is nothing more than a legal conclusion disguised as a factual allegation and must be disregarded. *Ashcroft*, 556 U.S. at 678 (although the Court accepts factual allegations as true, it does not accept conclusions and unwarranted inferences). Plaintiff simply does not plead these causes of action with the level of particularity required by Rule 9(b) and, therefore, they must be dismissed.

### ii.   The Terms And Conditions Of Membership Belie Plaintiff's Allegations Of Negligent Misrepresentation.

Plaintiff has not alleged a single element for a claim of negligent misrepresentation. A claim for negligent misrepresentation "requires the plaintiff to demonstrate (1) the existence of a

special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Austin v. Albany Law Sch. of Union Univ.*, 957 N.Y.S.2d 833, 844 (N.Y. Sup. Ct. 2013) (internal quotations omitted). A simple arm's length business relationship is not sufficient to establish such a special relationship. *See Andres v. LeRoy Adventures, Inc.*, 201 A.D.2d 262, 262, 607 N.Y.S.2d 261, 262 (1994) (affirming dismissal of negligent misrepresentation claim based on no special relationship from arm's length dealings between the parties); *JewelAmerica Inc. v. Frontstep Sols. Grp., Inc.,* No. 02-cv-1328, 2002 WL 31465807, at *2 (S.D.N.Y. Nov. 1, 2002) ("However, it is settled that the parties must enjoy a relationship of trust and reliance which must be closer than that of the ordinary buyer and seller.") (internal quotations omitted). Moreover, under the second element of the cause of action, a plaintiff cannot establish that the information was "incorrect" when such information was made available to it by a contract to which it was a party. *See Choung v. Allstate Ins. Co.*, 283 A.D.2d 468, 468-69 (2d Dep't 2001) (a person who enters into an agreement "is presumed to know its contents and to assent to them") (citations omitted); *Everlast World's Boxing Headquarters Corp. v. Trident Brands Inc.*, No. 19-cv-503, 2020 WL 917058, at *6 (S.D.N.Y. Feb. 26, 2020) (dismissing negligent misrepresentation claim because any reliance was unreasonable when the terms of agreement were unambiguous).

Plaintiff has not alleged any statements made by WW that were purportedly "incorrect," the existence of a special relationship, or reliance on the alleged statement – nor can she. Plaintiff's relationship with WW was merely contractual which is insufficient as a matter of law to establish the requisite special relationship. *Andres*, 201 A.D.2d at 262. As a result, her negligent misrepresentation claim must be dismissed with prejudice as a matter of law.

16

Even if Plaintiff could allege a special relationship, this cause of action still fails due to the absence of allegations of incorrect or false information and reasonable reliance on that information. Plaintiff makes a conclusory statement that she "would not have paid for the membership, or would not have paid for it on the same terms." (Compl., ¶ 13). The Terms and Conditions, which were made available to Plaintiff and to which she agreed, however, were unambiguous in allowing WW to modify services at any time. (Martin Dec., Ex. 3). Accordingly, Plaintiff's cause of action for negligent misrepresentation should be dismissed with prejudice as a matter of law.

### iii. Plaintiff's Fraud Cause Of Action Must Also Be Dismissed Because The Allegedly Fraudulent Statement Was True At The Time It Was Made.

To state a claim for fraud, Plaintiff must allege "a material representation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance . . . and damages." *Austin*, 957 N.Y.S.2d at 843 (internal quotations omitted). Although the Complaint is unclear and lacks specificity, Plaintiff makes the conclusory allegation that WW knew it would not hold in-person Workshops at the time she signed up for a Workshop + Digital Membership. As discussed above, however, at the time Plaintiff enrolled in a Workshop + Digital Membership on March 9, 2020, in-person Workshops were still being held. It was not until March 14, 2020 that such in-person Workshops were suspended pending transition to virtual Workshops conducted online. (Compl., ¶ 6). Thus, the alleged fraudulent statement was true at the time it was made to Plaintiff. Because that fact can never change, all claims based on that statement should be dismissed with prejudice as a matter of law. *See Waterford Twp. Police & Fire Ret. Sys. v. Reg'l Mgmt. Corp.,* 723 F. App'x 20, 21 (2d Cir. 2018) (affirming district court's denial of leave to amend because alleged

misrepresentations were not actionable and complaint failed to establish falsity at the time they were made).[10]

### B.   Plaintiff's Causes Of Action For Unjust Enrichment And Money Had And Received Are Quasi-Contract Claims That Are Precluded By Law.

Unjust enrichment and money had and received are quasi-contract causes of action that are precluded when there is an enforceable contract relating to the same transaction.  *Gargano v. Morey*, 165 A.D.3d 889, 892, 86 N.Y.S.3d 595, 599 (2018) ("The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract for events arising out of the same subject matter.");  *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 746-47 (2005) (dismissing unjust enrichment claim when the "matter was controlled by contract").   Here, it is undisputed that the Terms and Conditions constitute a contract between WW and Ms. Vodden upon which she has sued for breach.  (Compl., ¶¶ 56-60).   Therefore, Ms. Vodden is precluded from bringing suit in quasi-contract for unjust enrichment or money had and received.

Moreover, a claim for unjust enrichment is "not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Sabatano v. Iovate Health Scis. U.S.A. Inc.*, No. 19-cv-8924, 2020 WL 3415252, at *8 (S.D.N.Y. June 22, 2020) (dismissing unjust enrichment claim).  *See also Jackson-Mau v. Walgreen Co.*, No. 18-cv-4868, 2019 WL 5653757, at *2 (E.D.N.Y. Oct. 31, 2019) ("[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is

---

[10] Moreover, Plaintiff's fraud theory relies on an event that occurred *after* the transaction and which *later* purportedly made the statements leading to the transaction fraudulent.  Such allegations are merely "fraud by hindsight," and must be rejected by this Court.  S*ee Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (affirming dismissal of plaintiff's fraud claim based on events after plaintiff's purchase as "fraud by hindsight").

not merely duplicative of their other causes of action."). Plaintiff's factual allegations setting out her contract cause of action are the same as those setting out her cause of action for unjust enrichment. (*Compare* Compl., ¶¶ 39-44 *with* Compl., ¶¶ 56-60). Accordingly, her unjust enrichment claim must be dismissed with prejudice for the additional reason that it is duplicative of her contract cause of action.

### C.   Plaintiff's Breach Of Contract Cause Of Action Fails To Allege That WW Breached The Terms And Conditions And Must Be Dismissed.

Plaintiff's breach of contract cause of action must be dismissed because she does not identify, and cannot identify, any provision of the Terms and Conditions that was breached by WW. Under New York law, the necessary elements for breach of contract are "the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). Even under the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, a complaint must have "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03-cv-3120, 2009 WL 1492196, at *2 (S.D.N.Y. May 27, 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The Complaint here is devoid of factual allegations "regarding, *inter alia*, the formation of the contract, the date it took place, and the contract's major terms." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 Fed. App'x 102, 104 (2d Cir. 2012). Instead, the Complaint is nothing more than a series of conclusory statements to the effect that "[i]n March 2020, Ms. Vodden became a member of Defendant's in-person workshop program" and "Defendant entered into contracts with Plaintiff . . . to provide in-person workshops in exchange for the payment of membership fees." (Compl., ¶¶ 13, 58). This is insufficient as a matter of law. *See Sedona*, 2009 WL 1492196, at *9 (dismissing breach of contract claims for failure to "allege the provisions of

19

the contract upon which the claim is based and at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages").

As a preliminary matter, it is unclear which agreement (Plaintiff's Workshop + Digital Membership or Plaintiff's Digital Membership) is the subject of Ms. Vodden's cause of action, let alone which particular provision of these agreements was allegedly breached.  Plaintiff's breach of contract cause of action should be dismissed for this reason alone.  Moreover, "[i]n a transparent attempt to be clever, plaintiff (and her counsel) do not disclose in the complaint or attach to it" the agreement or terms that she claims were breached.  *See Druyan v. Jagger*, 508 F. Supp. 2d 228, 234 (S.D.N.Y. 2007) (dismissing all claims when website's terms and conditions authorized defendants to cancel event).  Assuming, *arguendo*, that Ms. Vodden alleges that WW breached the Terms and Conditions of her Workshop + Digital Membership by transitioning in-person Workshops to virtual Workshops, her allegation of breach is undermined by the express language in the Terms and Conditions.  *See Karmilowicz*, 2011 WL 2936013, at *7.  The Terms and Conditions for the Workshop + Digital Membership—to which Plaintiff agreed—permit WW, in its "sole discretion and without prior notice or liability," to "*discontinue or modify any aspect of the Offerings* or the Website and/or Apps." (Martin Dec., Ex. 3) (emphasis added).  Ms. Vodden does not dispute that the Terms and Conditions are a valid and enforceable agreement.  Moreover, her use of the website manifests agreement to the Terms and Conditions.  *See Druyan,* 508 F. Supp. 2d at 237.  As a result, Plaintiff cannot allege that the transition to virtual Workshops constituted a breach of the Terms and Conditions and this cause of action must be dismissed with prejudice as a matter of law.

**D.     Plaintiff's Conversion Cause Of Action Is Redundant Of Her Breach Of Contract Cause Of Action And Must Be Dismissed.**

"[I]t is well settled under New York law that 'an action for conversion cannot lie where damages are merely sought for breach of contract.'"  *AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*, No. 04-cv-8832, 2006 WL 1593884, at *2 (S.D.N.Y. June 7, 2006) (quoting *Citadel Mgmt. Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d. 133, 148 (S.D.N.Y. 2000)).  *See also W.B. David & Co. v. DWA Commc'ns, Inc.,* No. 02-cv-8479, 2004 WL 369147, at *6 (S.D.N.Y. Feb. 26, 2004) (dismissing claim for conversion for failure to "plead an actionable wrong distinct from their breach of contract claim"); *Rozsa v. S.G. Cowen Securities Corp.*, 152 F. Supp. 2d 526, 533 (S.D.N.Y. 2001) ("[t]o withstand a motion to dismiss, a conversion claim must allege: (1) an actionable wrong other than breach of contract caused Plaintiff's injury . . . . ").  Ms. Vodden's conversion cause of action is redundant of her breach of contract claim.  She alleges no "actionable wrong" other than the fact that WW charged her for "in-person workshops" despite the fact that they were transitioned to virtual Workshops conducted online.  (Compl., ¶¶ 51-53).  This is nothing more than a variation on her alleged breach of contract claim.  Accordingly, Plaintiff's conversion cause of action must be dismissed with prejudice as a matter of law.

**E.     Plaintiff's State Statutory Causes Of Action For Deceptive Or Misleading Conduct Must Be Dismissed Because No Reasonable Consumer Would Believe That The Workshop + Digital Membership Would Never Be Changed Given The Terms And Conditions.**

The Court should dismiss Plaintiff's various causes of action asserting deceptive, fraudulent, unlawful and/or unfair wrongdoing under New York and California statutory law because the Terms and Conditions of the Workshop + Digital Membership clearly indicate that the Offerings may be modified for any reason.  (Martin Dec., Ex. 3).  Given the language of the Terms

and Conditions, no reasonable consumer would believe that WW would never change its services under the Workshop + Digital Membership.

To survive a motion to dismiss, a cause of action under GBL §§ 349 and 350 must allege, among other things, that defendant's conduct was "deceptive or misleading in a material way." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25-26 (1995). *See also Austin*, 957 N.Y.S.2d at 843 ("The elements of a claim under GBL § 350 are identical to those under § 349, but the claim is specifically limited to false advertising."). Similarly, the UCL only prohibits "unfair competition," if "a defendant's act or practice is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of section 17500 (false or misleading advertisements)." *Sabatano v. Iovate Health Scis., U.S.A. Inc.*, No. 19-cv-8924, 2020 WL 3415252, at *3 (S.D.N.Y. June 22, 2020) (quoting Cal. Bus. & Prof. Code § 17200). This is also true of a cause of action under the FAL which requires a plaintiff to allege "(1) statements in the advertising are untrue or misleading and (2) defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading." Cal. Bus. & Prof. Code § 17500. Likewise, under the CLRA, acts and practices in the sale of goods or services are only unlawful if there are "affirmative misrepresentations or omissions regarding the 'standard, quality, or grade' of a particular good or service." *In re Sony Gaming Networks & Consumer Data Secur. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) (quoting Cal. Civ. Code § 1770(a)).

Because each of these statutes share a requirement that a plaintiff establish some false or misleading conduct by the defendant, they are typically analyzed together by courts. *In re Sony Gaming*, 996 F. Supp. 2d at 985 ("Courts often analyze [the UCL, the FAL, and the CLRA] together because they share similar attributes."). In particular, causes of action brought under GBL §§ 349 and 350, the UCL, FAL, and CLRA are all governed by a reasonable consumer standard.

*Id.* at 989; *Sabatano*, 2020 WL 3415252 at *3 ("To state a claim for false advertising or deceptive business practices under New York or California law, a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances.") (quoting *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018)).

Even construing the Complaint in the light most favorable to Plaintiff, a reasonable consumer could not plausibly believe that WW would never, under any possible circumstance, alter its services in light of the express language in the Terms and Conditions, which explicitly provide notice of this possibility.  (Martin Dec., Ex. 3).  *See In re Sony Gaming*, 996 F. Supp. 2d. at 990 (dismissing claim that statements were misleading as a matter of law when the User Agreement clearly stated that access may be interrupted).[11]  This is especially true, when, as here, Ms. Vodden subscribed to the Workshop + Digital Membership just days after California declared a State of Emergency, and when, as here, WW's modification of service was undertaken in response to a pandemic that would have made it *illegal* for it to continue offering in-person Workshops.  No reasonable consumer, in light of the Terms and Conditions and/or under the circumstances of this pandemic, would believe that WW would never modify its Offerings. Moreover, Plaintiff cannot establish any "deception" because the allegedly false statement was not false at the time it was made.  WW was still offering in-person Workshops on March 9, 2020.  *See Block v. eBay, Inc.*, 747 F.3d 1135, 1140 (9th Cir. 2014) (plaintiff could not have relied on purported misrepresentation when the defendant's practice at the time was accurately disclosed).

---

[11] It is well established that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer and that this is especially true when the cause of action alleges a consumer will "read a true statement" and will then "disregard well-known facts of life." *See Sabatano*, 2020 WL 3415252, at *4; *In re Sony Gaming*, 996 F. Supp. 2d. at 989 ("[C]ourts have granted motions to dismiss under the UCL, FAL, and CLRA on the basis that the alleged misrepresentations were not false, misleading, or deceptive as a matter of law.").

Nor do Plaintiffs sufficiently allege any acts that would violate either the unlawful, unfair, or fraudulent prongs of the UCL.  *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010) (alleging a common law violation such as breach of contract is insufficient to amount to a violation of the unlawful prong of § 17200); *Flip Flop Shops Franchise Co., LLC v. Neb,* No. 16-cv-7259, 2017 WL 2903183, at *9 (C.D. Cal. Mar. 14, 2017) ("The unfairness prong of the UCL does not give the courts a general license to review the fairness of contracts."). Business practices under the UCL are only unfair "when that practice either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Flip Flop Shops,* 2017 WL 2903183, at *9 (internal quotation marks omitted).  Nothing of that magnitude occurred here.  In fact, WW transitioned its in-person Workshops to virtual Workshops for the benefit of consumers in order to continue to offer support to its members while complying with orders issued by various state governments, including California, relating to the COVID-19 pandemic.

> **F.     Plaintiff Fails To Plausibly Allege Violations Of Cal. Civ. Code §§ 1694.5, *et seq.* And New York GBL §§ 620, *et seq*.**

Ms. Vodden's claims under Cal. Civ. Code §§ 1694.5, *et seq.*, and New York GBL §§ 620, *et seq.,* are insufficiently pleaded, and must be dismissed.  Plaintiff's claims under those statutes rest solely on legal conclusions masquerading as factual allegations.  For example, Ms. Vodden alleges she "requested a refund from Defendant [but] she did not receive one" and that the Terms and Conditions "did not contain" the statements required under Cal. Civ. Code § 1694.7(b). (Compl., ¶¶ 119-20).  She also alleges that the Terms and Conditions did not include a cancellation provision and refund policy, and that WW "unilaterally" charged her for services that she did not receive in violation of GBL § 624(3).  (*Id.* at ¶¶ 79-80).  Yet, as discussed above, these allegations are untrue on their face.  Ms. Vodden never requested a refund, nor did she cancel within the three-

day window provided under Cal. Civ. Code § 1694.6.   Similarly, the Terms and Conditions conspicuously include a refund policy and a section applicable to California residents in which the language required by Cal. Civ. Code § 1694.7(b) is set out *verbatim*.   (Martin Dec., Ex. 3).   Ms. Vodden's claims under New York statutory law similarly fail because WW never charged her a fee for a service that she did not receive.   Finally, her allegations under the statutory law of both New York and California to the effect that WW engaged in false and misleading conduct related to the advertisement of its in-person Workshops must be dismissed because they were true at the time they were made.   At the time Ms. Vodden signed up for a Workshop + Digital Membership, WW was still offering in-person Workshops.   Moreover, no reasonable consumer would have believed that WW would never alter its Offerings given the express language in the Terms and Conditions of Membership reserving WW's right to "discontinue or modify" its Offerings at any time.   In addition, under both New York and California statutory law, Plaintiff must establish that WW cancelled the in-person Workshop component of her Workshop + Digital Membership, which is not true.   Rather, WW temporarily suspended the in-person Workshop component of the Workshop + Digital Memberships and conducted virtual Workshops in order to comply with various state government orders relating to the COVID-19 pandemic.   Accordingly, these causes of action must be dismissed with prejudice as a matter of law.

### CONCLUSION

Based on the foregoing, WW respectfully requests that the Court grant WW's Motion and dismiss all of Plaintiff's causes of action with prejudice.   WW respectfully requests a hearing upon the Motion at a time to be set by the Court.

Dated: August 3, 2020

KATTEN MUCHIN ROSENMAN LLP

By: /s/ *Terence P. Ross*                   
Terence P. Ross
Kristin D. Lockhart (*admitted pro hac vice*)
2900 K Street NW
North Tower - Suite 200
Washington, DC 20007-5118
Telephone: (202) 625-3676
Facsimiles: (202) 298-7570
terence.ross@katten.com
kristin.lockhart@katten.com

*Counsel for WW International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August 2020, I caused a true and correct copy of the foregoing WW International, Inc.'s Memorandum Of Law In Support Of Its Motion To Dismiss to be filed electronically using the CM/ECF System, which will then send a notification of such filing (NEF) to all counsel of record in this lawsuit.


Dated:  August 3, 2020                                   _/s/ Terence P. Ross_____
                                                        Terence P. Ross